[Civ. No. 17711.   Second Dist., Div. One.   Feb. 6, 1951.]

ELBERT, LTD. (a Corporation), Respondent, v. I. ALEI-NICK et al., Defendants; THELMA H. DAVIS, Appellant.

L. E. Dadmun for Appellant.

John F. Bender and G. Loshoncy for Respondent.

WHITE, P. J.—Plaintiff brought an action to quiet title, its title being based upon tax deeds. Defendant and appellant Thelma H. Davis filed an answer asserting that she was the owner of two promissory notes secured by deeds of trust upon the two parcels of property involved, acquired by her "prior to the time that said plaintiff obtained any interest" in such properties. Upon the trial plaintiff introduced in evidence deeds to the State of California and deeds from the State of California to plaintiff. Defendant and appellant introduced no evidence.

It is urged on this appeal that appellant was entitled to "have a provision in the judgment that the notes would have to be paid before plaintiff in this action was entitled to have a judgment quieting title"; that the court erred in failing to find on this issue; that no relief can be granted in a quiet

title action without first paying any mortage remaining unpaid; and that the court erred "in permitting plaintiff to introduce documentary evidence as well as oral evidence in establishing its title." These contentions are patently without merit.

■ Appellant made no attempt to impugn the validity of the tax deeds which were the basis of respondent's title. The contention of her counsel below and in this court appears to be that a tax deed does not eliminate her claim. The contention cannot be upheld. (Rev. & Tax. Code, §§ 3520, 3712; *People* v. *Maxfield,* 30 Cal.2d 485, 487 [183 P.2d 897].)

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 2, 1951.